J-S24007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :        PENNSYLVANIA
                                         :
            v.                    :
                                         :
                                         :
JOSEPH KALIN MYHRE           :
                                         :
        Appellant           :     No. 2667 EDA 2019

Appeal from the Order Entered August 26, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002356-2017,
CP-46-CR-0003076-2017, CP-46-CR-0003077-2017

BEFORE:   BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                Filed: July 2, 2020

Appellant, Joseph Kalin Myhre, appeals from the order dismissing his petition seeking the reinstatement of his appeal rights *nunc pro tunc* from a prior order denying his timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate the order appealed from, and remand with instructions.

The specific facts leading to Appellant's arrest and conviction are not germane to this appeal.  Briefly, the Commonwealth accused Appellant of severely abusing his wife and children over a period of several years.  On February 27, 2018, Appellant

> entered into a negotiated plea agreement in which he pled guilty
> to three (3) counts of aggravated assault (serious bodily injury),
> two (2) counts of aggravated assault (serious bodily injury with a

---

[*] Retired Senior Judge assigned to the Superior Court.

deadly weapon), two (2) counts of aggravated assault (serious bodily injury where victim is less than 13 years of age), three (3) counts of strangulation, eighteen (18) counts of simple assault, one (1) count of unlawful restraint, two (2) counts of unlawful restraint of a minor where offender is victim's parent[,] and two (2) counts of endangering the welfare of a child.[1]

> [1] 18 Pa.C.S.[] §§ 2702(a)(1), 2702(a)(4), 2702(a)(9), 2718(a)(1), 2701(a)(1), 2902(a)(1), 2902(a)(1), 2902(c)(1)[,] and 4304(a)(1)[,] respectively.

PCRA Court Opinion ("PCO"), 12/20/19, at 2. On February 28, 2018, pursuant to the plea agreement, the trial court sentenced Appellant to an aggregate term of 20-40 years' incarceration, and to 27 years of concurrent probation. *Id.* Appellant did not file a post-sentence motion, nor did he appeal from his judgment of sentence.

On February 14, 2019, Appellant filed a timely PCRA petition, his first (hereinafter "First Petition"). The PCRA court promptly appointed counsel to represent him. However, counsel ultimately filed two *Turner*/*Finley*[1] no-merit letters and a motion to withdraw. On April 4, 2019, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the First Petition without a hearing. On that same day, the court granted counsel's motion to withdraw.

On April 11, 2019, Appellant filed a *pro se* motion seeking an extension of time to respond to the Rule 907 notice, and also requesting the appointment of new counsel. On May 6, 2019, the PCRA court denied that motion, and also

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

issued an order denying the PCRA petition. Appellant did not file a timely notice of appeal from that order.

However, on August 23, 2019, Appellant filed a *pro se* petition (hereinafter "Second Petition"), seeking the reinstatement of his right to appeal from the May 6, 2019 order dismissing his PCRA petition, arguing that he never received the order. The PCRA court issued an order denying the Second Petition on August 26, 2019, and Appellant filed a notice of appeal from that order on September 12, 2019. On September 24, 2019, Appellant filed a timely, court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion on December 20, 2019.

On October 1, 2019, this Court issued a rule to show cause why this appeal should not be quashed in light of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Appellant filed a timely response on October 15, 2019. On October 22, 2019, this Court issued an order discharging the rule to show cause, and referring the matter to this panel for review.

Appellant now presents the following questions for our review:

I. AS A PREREQUISITE TO APPELLATE REVIEW, SHOULD … APPELLANT BE REQUIRED TO FILE MULTIPLE NOTICES OF APPEAL … PURSUANT TO ... **WALKER** … WHERE … APPELLANT'S QUESTION ENCOMPASSES THE SAME UNDERLYING ISSUE OF A REQUEST TO PROCEED *NUNC PRO TUNC* STATUS WHERE THE (3) CASES AROSE FROM A SINGLE GUILTY PLEA?

II. DID THE [PCRA] COURT … ABUSE ITS DISCRETION [BY] DENYING [THE SECOND PETITION] W[H]ERE [THERE WAS A] BREAKDOWN IN COURT OPERATIONS, [AS THE PCRA COURT] FAIL[ED] TO NOTIFY APPELLANT THAT HIS [PCRA] PETITION … HAD BEEN DENIED?

Appellant's Brief at 4.

**I.**

We begin by addressing whether this appeal must be quashed pursuant

to *Walker*.

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)…." []*Walker*, 185 A.3d [at] 976…. The Official Note now reads:
>
>> Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.
>
> In *Walker*, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." *Walker*, 185 A.3d at 976-77. Therefore, the *Walker* Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." *Id.* at 977.

*Commonwealth v. Williams*, 206 A.3d 573, 575 (Pa. Super. 2019).

Here, Appellant filed a single notice of appeal from the denial of the

Second Petition, listing all three underlying docket numbers. *See* Notice of

Appeal, 9/12/19, at 1. This plainly violates *Walker*. Nevertheless, "we may

overlook the defective nature of [an a]ppellant's timely notice of appeal rather

than quash pursuant to *Walker*" where there is "a breakdown in court

operations," such as where the PCRA court misstates the manner in which an appeal may be effectuated. ***Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa. Super. 2019).

Instantly, the at-issue August 26, 2019 order dismissing the Second Petition did not contain any instructions to Appellant regarding how to perfect his appeal. That oversight was aggravated by the fact that Appellant was unwillingly proceeding *pro se* due to appointed counsel's withdrawal during the litigation of the First Petition in the PCRA court. We also note that the lower court should have treated the Second Petition as a PCRA petition.[2] Perhaps due to that oversight, the court failed to issue a Rule 907 notice before dismissing the Second Petition. ***See*** Pa.R.Crim.P. 907(1) (stating that "the judge ***shall*** give notice to the parties of the intention to dismiss the petition and ***shall*** state in the notice the reasons for the dismissal") (emphasis added). Given the multiple breakdowns in the PCRA court's operations in its handling of the Second Petition, we decline to quash this appeal under ***Walker***.

## **II.**

Turning to the merits of the Second Petition, the PCRA court indicates that, upon "further investigation … the court discovered[,]" after Appellant filed his notice of appeal, that he "had not received the May 6, 2019 Final Order" dismissing the First Petition. PCO at 3. The PCRA court further explains

---

[2] Our Supreme Court has held that "the PCRA provides the exclusive remedy for post-conviction claims seeking restoration of appellate rights…." ***Commonwealth v. Lantzy***, 736 A.2d 564, 570 (Pa. 1999).

- 5 -

that it has already drafted an order reversing the August 26, 2019 order denying the Second Petition. *Id.* Furthermore, in its brief, the Commonwealth does not present any arguments objecting to the PCRA court's conclusion that it should have granted the Second Petition. Accordingly, we vacate the August 26, 2019 order denying the Second Petition, and remand with instructions for the PCRA court to follow through with its intent to issue an order granting the Second Petition. Appellant will then have 30 days from the date of that order to file a *nunc pro tunc* appeal from the order denying the First Petition.[3]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/20

---

[3] Appellant is now on notice of the requirements of **Walker**. In order to perfect his *nunc pro tunc* appeal from the order denying the First Petition, he must file one notice of appeal for each underlying docket number. Thereafter, Appellant can petition this Court to consolidate those appeals.